USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/24/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL SMITH,

                Petitioner,

    -against-

JAMES CONWAY,

                Respondent.
------------------------------------------------------------x

06 Civ. 7674 (RMB) (KNF)

**DECISION AND ORDER**

## I. Background

On or about September 11, 2006, Michael Smith ("Smith" or "Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254, challenging his June 21, 2000 conviction following a jury trial in New York State Supreme Court, New York County, of two counts of first-degree rape and two counts of second-degree assault in violation of New York Penal Law sections 130.35(1) and 120.05(2), respectively. (Pet. at ¶ 5.) On April 23, 2003, Petitioner was sentenced to consecutive terms of 25 and 10 years imprisonment for the two rape convictions and 5 and 7 years imprisonment for the two assault convictions (to run consecutively to the first rape count but concurrently with all other counts). (See Sentencing Tr., dated Apr. 23, 2003.) On March 7, 2006, the Appellate Division, First Department unanimously affirmed the conviction. People v. Smith, 27 A.D.3d 242, 243, 810 N.Y.S.2d 193, 195 (1st Dep't 2006) (Smith "was afforded ample opportunity to present his defense that he and the victim engaged in consensual sex."). On June 27, 2006, the New York Court of Appeals denied leave to appeal. People v. Smith, 7 N.Y.3d 763, 853 N.E.2d 259, 819 N.Y.S.2d 888 (2006).

On December 6, 2007, Magistrate Judge Kevin Nathaniel Fox, to whom the matter had been referred, issued a Report and Recommendation ("Report") recommending that the Court

deny the Petition because, among other reasons, "Smith has failed to present any evidence to rebut the presumption of correctness of [all] factual determinations made by the Appellate Division." (Report at 11.)

The Report instructed the parties that they had "ten (10) days from service of this [Report] to serve and file any objections." (Report at 17.) On December 12, 2007, Assistant Attorney General Malancha Chanda, on behalf of Respondent James Conway, Superintendent of Attica Correctional Facility, wrote to "urge [the Court] to adopt the Report and Recommendation issued by Unite[d] States Magistrate Judge Kevin Nathaniel Fox." (Letter from M. Chanda to Hon. Richard M. Berman, at 1.) By letter (erroneously) dated April 4, 2008, Petitioner set forth no objections to the Report. Instead, he stated that he "decided to write a novel," and asked the Court "suspend the precedings [sic] indefinitely until [he] can raise money to hire a competent lawyer." (Letter from Smith to Hon. Richard M. Berman, at 1.) The Court denied Petitioner's request for another extension, after previously granting two extensions of time for Petitioner to file objections to the Report. (See Orders, dated Dec. 13, 2007, Dec. 21, 2007, Jan. 25, 2008.) "[T]he deadline [to object] has now expired." (Order, dated Mar. 17, 2008.)

**For the reasons set forth below, the Report is adopted in its entirety and the Petition is dismissed.**

## II. Legal Standard

The Court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made. The Court may adopt any portions of a magistrate judge's report to which no objections have been made and which are neither clearly erroneous nor contrary to law. See Thomas v. Arn, 474 U.S. 140, 150–52 (1985). A judge of the court may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

Where, as here, a petitioner is proceeding pro se, the Court will "read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### III. Analysis

The Court has conducted a review of the Report and applicable legal authorities and finds that Judge Fox's determinations and recommendations are neither clearly erroneous nor contrary to law and, in fact, are supported by the law and the record. Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Judge Fox properly denied the Petition because, among other reasons: (i) "the trial court provided Smith a full and fair opportunity to litigate . . . the claim that his DNA sample was unlawfully taken by the police"; (ii) Smith's "claim concerning the [partiality of a] prospective juror . . . was reviewed and rejected, on the merits by the Appellate Division"; (iii) Smith "failed to establish cause for his procedural default"; and (iv) "Smith has failed to demonstrate, that the trial court's application of the state's rape shield law was erroneous or that it infected his entire trial such that the resulting conviction violated due process." (Report at 9, 11, 16–17.)

### IV. Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has made no such showing, and a certificate of appealability is neither warranted nor appropriate. See Lozada v. United States, 107 F.3d 1011, 1014–17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259–60 (2d Cir. 1997). Any appeal from this Order will not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

## V. Conclusion and Order

For the reasons set forth in the Report and herein, the Court adopts the Report in its entirety. The Petition is dismissed and the Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
      March 24, 2008

*RMB*
RICHARD M. BERMAN, U.S.D.J.